SHORES, Justice.
The plaintiff, Vivian C. Jackson, brought suit to quiet title to 1.03 acres of land, claiming entitlement based on color of title and payment of taxes. Jackson described the property as follows in his complaint:
“Beginning at the SW Corner of the NW ¼ of Section 30, Township 7 North, Range 2 East, Clarke County, Alabama, run East 50 yards to the point of beginning, run thence North 100 yards, thence East 50 yards, thence South 100 yards, thence West 50 yards to the point of beginning, containing 1.03 acres.”
The defendant, Alvie Thomas, counterclaimed, alleging that he owned the property involved. Defendants John Gray and Jerry McNeely also counterclaimed, alleging that they owned title to all the oil, gas, and minerals under the property. After hearing ore tenus evidence, the trial court entered an order vesting title to the property in the plaintiff, subject to an oil, gas, and mineral lease from the plaintiff and his wife to Pruett Oil Company.
Section 6-6-566(c), Alabama Code 1975, provides as follows:
“Against all persons who have neither paid any taxes upon said lands nor had any possession thereof, or of any part thereof, during the 10 years next preceding the filing of the complaint, against all parties to the complaint who have made no answer thereto within the time allowed for such purpose and against all persons not intervening in said case and claiming an interest in said lands prior to the time the case became at issue, proof of color of title to said lands in the plaintiff or in the plaintiff and those through whom he claims title, and payment of taxes during said 10-year period by the plaintiff or by the plaintiff and those through whom he claims title, or proof of exclusive payment of taxes by the plaintiff or by the plaintiff and those through whom he claims title, during said 10-year period, shall be conclusive evidence of title to said lands in the plaintiff.”
The plaintiffs predecessor in title, William Jackson, acquired one acre of property in the southwest corner of the northwest quarter of Section 30, Township 7, Range 2 East, in 1956, when he bought the property at a tax sale. This property had been assessed to defendant Alvie Thomas. William Jackson received a tax deed to the property in 1960 and conveyed the property to the plaintiff by deed in 1978. The trial court found that the tax deed to William Jackson was invalid because Alvie Thomas did not own the property described in the deed, but the court also found that the deed was sufficient under § 6-6-566 to give color of title to the property to William Jackson. Although it was disputed, there was evidence that the record owner of the property, John Thomas, the brother of Al-vie Thomas, and his wife gave the property to Alvie Thomas in the early 1950’s. John Thomas and his wife never delivered a deed to Alvie Thomas for the property, but Mrs. Thomas testified that they never made a claim on the property after they gave it to Alvie and that she considered Alvie the owner after they left the property. This Court has found that “[i]n general any instrument purporting to convey the land may be color of title, however defective or imperfect it is, and no matter from what cause it is invalid.” Van Meter v. Grice, 380 So.2d 274, 280-81 (Ala.1980).
The defendants claim that the land described in the tax deed is not the acre that is the subject of this suit but that it is an acre immediately to the west of the property at issue. Tax records and oral testimony at trial, however, provided evidence that the acre described in the tax deed was the same acre as that involved in this suit. The trial court’s findings, based on ore tenus evidence, are entitled to a presumption of correctness, and the judgment will be affirmed unless it is palpably wrong, without supporting evidence, or *1272 manifestly unjust. Charles Israel Chevrolet, Inc. v. Walter E. Heller & Co., 476 So.2d 71, 73 (Ala.1985). The evidence supports the trial court’s findings that defendant Alvie Thomas had not established ownership by adverse possession after May 1956, that defendants Gray and McNeely and their predecessors in title had not paid any taxes and had not had any possession of the property from 1957 until the filing of this suit. Also, the evidence supported the trial court's findings that the plaintiff and his predecessor in title had color of title to the property and had paid taxes on the land since 1957. Thus, under § 6-6-566 there was conclusive evidence of the plaintiffs title to the property. The judgment is therefore affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.